# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMANDA A. SHEPARD,

        Plaintiff,

        v.                          Case No. 26-CV-965

SHAWANO COUNTY,
MARINETTE COUNTY,
and BROWN COUNTY,

        Defendants.

## DECISION AND ORDER

Currently pending before the court is Amanda A. Shepard's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Shepard's request, the court concludes that Shepard lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Shepard's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting Shepard's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

## I.    Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton*

*v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

## II.    Background

Shepard opens her complaint explaining that she is "surrounded by parties that do not wish me well." (ECF No. 1 at 2.) It appears that she lost custody of her son, but the several pages of allegations are difficult to follow. Although her complaint mentions various lawyers, police officers, and private citizens, Shepard brings the action specifically against Shawano, Brown, and Marinette Counties. The court previously dismissed a suit Shepard brought against Brown County DHS and Brown County CPS for failure to state a claim. *Shepard v. Brown Cty. DHS*, No. 25-CV-1549, 2025 LX 470961 (E.D. Wis. Oct. 30, 2025).

### III. Analysis

"Federal courts are courts of limited jurisdiction." *Qi Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022). In other words, not every claim can be heard in federal court. Generally, to bring a lawsuit in federal court, the plaintiff must bring a claim that arises under federal law, 28 U.S.C. § 1331, or must sue citizens of a different state for an amount greater than $75,000, 28 U.S.C. § 1332.

Shepard does not name a federal cause of action in her complaint. She may be attempting to allege that the three counties violated her constitutional rights under 42 U.S.C. § 1983. To hold the counties liable, though, Shepard would need to demonstrate that her rights were violated based on some official county policy or widespread custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611, 636 (1978). A county is not liable under § 1983 simply because it employed a person who allegedly violated the plaintiff's constitutional rights. *Id.*

Here, the court cannot discern a plausible claim for relief against the three counties. As stated in the court's earlier decision:

> Not every gripe, grievance, complaint, or dissatisfaction adds up to a federal lawsuit. A person may have valid and serious problems that a federal court simply is not able to remedy. To present a lawsuit, a plaintiff must comply with certain procedures and formalities. The plaintiff must be able to show that whatever wrong or injustice she allegedly suffered fits within a recognized cause of action. Not every wrong adds up to a cause of action that can lead to a federal court granting relief.

*Shepard v. Brown Cty. DHS*, No. 25-CV-1549, 2025 LX 470961, at \*2 (E.D. Wis. Oct. 30, 2025). The court recognizes that Shepard is upset and that she believes she was profoundly wronged. However, her allegations do not add up to a plausible claim upon

which a federal court may grant relief. As a result, the court must dismiss her complaint.

A court generally is required to permit plaintiffs at least one opportunity to amend their pleadings. Therefore, if Shepard believes that she has a claim that this court can hear, she must file an amended complaint within 28 days of this order. However, the court reminds her of its statements above and in her prior case—not every wrong or perceived mistreatment or unfairness gives rise to a federal lawsuit. *See also Beres v. Keever-Agrama*, No. 25-cv-0043-bhl, 2025 LX 263603, at \*9 (E.D. Wis. Jan. 28, 2025) ("personal difficulties… [and] personal troubles do not create a federal cause of action"). Any complaint must be clear and must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, it must clearly articulate who did what that allegedly violated the law and gives rise to a cause of action.

### IV.    Conclusion

Accordingly, Shepard will have 28 days to file an amended complaint. **If Shepard fails to file an amended complaint within 28 days, the court will dismiss this action.**

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Shepard's complaint is dismissed for failure to state a claim. Shepard may file an amended complaint within 28 days of the date of this order. Any amended complaint fully takes the place of the original

4

complaint and therefore must be complete without reference to or an attempt to incorporate any prior filing. The Clerk shall provide Shepard with a copy of the court's standard complaint form. Failure to timely file an amended complaint will result in this action being dismissed.

Dated at Green Bay, Wisconsin this 4th day of June, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
United States District Judge